UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL T. MADSEN, INC., d/b/a Madsen Electric, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABB , INC., a Delaware corporation; and MWH CONSTRUCTORS, INC., A Delaware corporation,<br><br>Defendant. | CASE NO. C08-5596 KLS<br><br>ORDER GRANTING ATTORNEY FEES |

On March 24, 2010 this Court heard oral argument regarding the Plaintiff's Motion to Compel Discovery regarding MWH's Delay Claim. Dkt. 91. The Court granted the plaintiff's motion and directed counsel for the plaintiff to submit further documentation in support of the plaintiff's request for an award of attorney fees.

Counsel for Madsen Electric filed his Motion for Attorney Fees from MWH Constructors (Dkt. 101) and that matter is now before the Court.

1 | APPLICABLE RULES

2 | Fed. R. Civ. P. 26(a)(1)(iii) requires a party, without awaiting a discovery request, to

3 | provide to the other parties "a computation of each category of damages claimed by the

4 | disclosing party."

5 | Fed. R. Civ. P. 26(a)(1)(E) states as follows:

6 | A party must make its initial disclosures based on the information then reasonably available to it.  A party is not excused from making its
7 | disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another
8 | party has not made its disclosures.

9 | Fed. R. Civ. P. 37 (a)(5)(A) addresses the propriety of an award of attorney fees if a

10 | motion for disclosure or discovery is granted.  The rule is clear that "the court must, after giving

11 | an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

12 | . . . or both to pay the movant's reasonable expenses incurred in making the motion, including

13 | attorney's fees."  However, such an award should not be made if "the opposing party's

14 | nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

15 | In addition to MWH's initial disclosure responsibility, Madsen Electric specifically

16 | requested such information in Interrogatory No. 1.  They were told regularly that the calculation

17 | was to be determined.  However, following the discovery conference on January 27, 2010,

18 | counsel for MWH agreed to provide the requested delay damages information by a date certain.

19 | That was not done.  The defendant failed to provide that information and consequently counsel

20 | filed the motion to compel.

21 | SUBSTANTIAL JUSTIFICATION EXCEPTION

22 | MWH asserts that it could not provide a delay damages calculation until it concluded

23 | negotiations with the City of Tacoma and it therefore concluded that "providing any such

24 |

calculation would be to provide nothing more than the most wildly speculative of numbers; such number would be no more than a placeholder that would *not* serve to inform the opposing parties or meaningfully assist them in the prosecution of their respective cases." Dkt. 105, p. 3.  It appears to the undersigned that this reasoning is not excused under Fed. R. Civ. P. 26(a)(1)(E).

In addition, following the discovery conference counsel for MWH agreed to provide the requested information and then failed to do so.  This Court concludes that the failure to provide the delay damages calculation was not substantially justified.

## ATTORNEY FEES

The rule is specific that the court shall award of expenses and attorney fees "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A).

**Hourly Rate:**  Douglas R. Roach charges an hourly rate of $305.  Ryan W. Sternoff charges an hourly rate of $210.  Ahlers & Cressman charges $75/hour for various legal assistants who provided clerical support.   MWH agrees that these hourly rates are reasonable and normal for the market.

**Number of Hours:**  MWH does dispute the number of hours being requested and asserts that the time spent was excessive and not reasonable for a motion of this type.   In light of the fact that the award of attorney fees is with regard to fees "incurred in making the motion," the Court is awarding fees as follows:

1. Preparation of Motion to Compel filed February 25, 2010:  An award is being made regarding entries for the dates of February 23, 2010 thru February 25, 2010 for a total of **$2,158.50** which represents 9.6 hours of attorney time.

2. Preparation of Reply filed on March 12, 2010:  An award is being made regarding entries for the dates of March 8, 2010 thru March 12, 2010 for a total of **$2,694.00** which

represents 11.4 hours of attorney time.  The Court did not include in this award the entry dated 3/8/2010 for PRC as it is clear PRC is not a paralegal (based on the rate charged) and has not been identified as an attorney working on this case.

      3. Preparation for Oral Argument held on March 24, 2010:  An award is being made regarding entries for the dates March 18, 2010 thru 3/22/2010 for counsel preparation time only for a total of **$467.80** for a total of 2.6 hours.  The Court is not awarding any fees for the creating of spreadsheets as the proposed exhibits were not a part of the motion itself.

      4. Oral Argument held on March 24, 2010:  An award is being made for a total of **$1,250.00** for Mr. Roach's time (4.1 hours) regarding the oral argument.

      5. Fee Request:  An award is being made for entries from the dates of March 26, 2010 thru March 31, 2010 and including the two hours referenced in Mr. Roach's Declaration (Dkt. 102-2) for a total of **$1,118.50** for a total of 3.3 hours of attorney time and 1 hour of paralegal time.

Having reviewed the hours requested and the rates, the undersigned concludes that a reasonable attorney fee is **$7,688.80** and that is the total amount awarded to Madsen Electric.

      Dated this 1st day of July, 2010.

      Karen L. Strombom
      United States Magistrate Judge